IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

END CITIZENS UNITED PAC
100 M Street
Washington, DC 20003,

        Plaintiff,

        v.

FEDERAL ELECTION COMMISSION
1050 First Street NE
Washington, DC 20463,

        Defendant.

Civil Action No. _____

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1. Plaintiff End Citizens United ("ECU") brings this action against the Federal Election Commission ("FEC" or "Commission") pursuant to 52 U.S.C. § 30109(a)(8), challenging as contrary to law the FEC's dismissal of Plaintiff's administrative complaint against Donald J. Trump for President, Inc. (the "Trump Campaign"), the former president's campaign committee.

2. On May 7, 2019, the Trump Campaign issued a public statement that criticized the "dishonest fundraising" practices of certain groups and informed potential donors that only five entities were "authorized" or "approved" by President Trump or the Republican National Committee (the "RNC"): four of those entities were official campaign or party organizations, and the fifth was America First Action—a super PAC.

3. The Federal Election Campaign Act ("FECA") and FEC regulations prohibit campaigns from soliciting contributions to super PACs unless certain critical measures are taken to ensure that the solicited contributions do not come from prohibited sources or exceed federal

1

contribution limits. *See* 52 U.S.C. § 30125(e); 11 C.F.R. § 300.61. But the Trump Campaign took no such measures in its May 7 solicitation, instead issuing a blanket endorsement of contributions to the "approved" super PAC—contributions that would include corporate and unlimited funds, also known as "soft money," which federal candidates are banned from soliciting.

4. On May 9, 2019, Plaintiff filed an administrative complaint with the FEC alleging that the Trump Campaign violated 52 U.S.C. § 30125(e) and 11 C.F.R. § 300.61 by soliciting and directing funds to America First Action without regard to FECA's source prohibitions and contribution limits. *See* Admin. Compl., MUR 7609 (Donald J. Trump for President, Inc.) (May 9, 2019), https://www.fec.gov/files/legal/murs/7609/7609_01.pdf [attached hereto as Exhibit 1].

5. After reviewing the allegations in Plaintiff's administrative complaint, the FEC's nonpartisan career attorneys in its Office of General Counsel ("OGC") recommended that the Commission find reason to believe that the Trump Campaign violated 52 U.S.C. § 30125(e) and 11 C.F.R. § 300.61 "by soliciting soft money contributions" for America First Action. *See* First General Counsel's Report, at 23-29, MURs 7340 & 7609 (Great America Committee, *et al.*) (Nov. 24, 2020), https://www.fec.gov/files/legal/murs/7609/7609_06.pdf; *see also id.* at 27-28 (finding that the Trump Campaign's statement, "as a reasonable person would understand it in its context, constitutes a recommendation to contribute to [America First] Action and thus is a solicitation").

6. Despite compelling evidence and the recommendation of its General Counsel, on April 20, 2021, the FEC's Commissioners deadlocked on a vote to find reason to believe that the Trump Campaign violated the law. *See* Certification, MUR 7609 (May 5, 2021), https://www.fec.gov/files/legal/murs/7609/7609_07.pdf (noting three Commissioners voting to find reason to believe, two opposed, and one not voting). Two days later, the FEC "closed the file,"

dismissing Plaintiff's administrative complaint. *See* Certification, MUR 7609 (May 5, 2021), https://www.fec.gov/files/legal/murs/7609/7609_08.pdf.

7. The FEC's failure to find reason to believe and its dismissal of Plaintiff's administrative complaint were arbitrary, capricious, and contrary to law. The Commission did not even issue an explanation for its action, without which its decision fails to meet the most basic requirement of reasoned decision-making. *See Orloski v. FEC*, 795 F.2d 156, 161 (D.C. Cir. 1986).

8. The dismissal of Plaintiff's administrative complaint has harmed Plaintiff by allowing its political opponent, the Trump Campaign, to raise money for a super PAC in violation of federal law, placing Plaintiff (which always seeks to comply with federal law) at a competitive disadvantage and forcing Plaintiff to spend its resources countering its opponent's illegally raised funds.

9. Plaintiff therefore respectfully requests that this Court declare that the FEC's dismissal of Plaintiff's administrative complaint was arbitrary, capricious, and contrary to law, and order the FEC to conform within 30 days.

## JURISDICTION AND VENUE

10. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 52 U.S.C. § 30109(a)(8)(A). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

11. Venue in this district is proper under 52 U.S.C. § 30109(a)(8)(A) and 28 U.S.C. § 1391(e).

## THE PARTIES

12. Plaintiff ECU is a political action committee whose mission is to get big money out of politics and protect the right to vote by working to elect reform-oriented politicians, passing meaningful legislative reforms, and elevating electoral issues in the national conversation.

13. As part of these efforts, ECU engaged in the 2020 presidential race in several capacities, including promoting candidates with policy agendas aligned with ECU's mission,[1] advocating for candidates to shut down their single-candidate super PACs,[2] and eventually endorsing Joe Biden for president.[3] ECU also contributed more than $1.1 million in fundraising and expenditures in the presidential race, including independent expenditures, direct contributions, and bundled small donor contributions to c1andidates.[4] All of this fundraising and spending was in opposition to the Trump Campaign and its aligned super PAC, America First Action.

14. By dismissing Plaintiff's administrative complaint, the FEC has harmed ECU by allowing its political competitor—who has repeatedly alluded to running for office again[5]—to

---

[1]  ECU created a website to highlight presidential primary candidates who made democracy reform a core platform of their campaigns. *See* https://reformfirst.com/. This included producing videos of candidates speaking about their platforms and reasons why they supported democracy reform.

[2]  *See Open Coalition Letter To 2020 Democratic Presidential Candidates: No Single-Candidate Super PACs in 2020 Primary*, END CITIZENS UNITED (Mar. 8, 2019), https://endcitizensunited.org/latest-news/press-releases/open-coalition-letter-2020-democratic-presidential-candidates-no-single-candidate-super-pacs-2020-primary/.

[3]  *See End Citizens United and Let America Vote Endorse Joe Biden for President*, END CITIZENS UNITED (Apr. 16, 2020), https://endcitizensunited.org/latest-news/press-releases/end-citizens-united-and-let-america-vote-endorse-joe-biden-for-president/.

[4]  *See* End Citizens United, Financial Summary, 2019-20, FEC.GOV, https://www.fec.gov/data/committee/C00573261/?cycle=2020 (last visited June 21, 2021).

[5]  *See, e.g.*, Jill Covin, *Talk of Trump 2024 run builds as legal pressure intensifies*, ASSOCIATED PRESS (June 4, 2021), https://apnews.com/article/michael-pence-donald-trump-campaign-2016-election-2020-government-and-politics-7306533132e2fa9aa0e9b5da60db9420;

4

unlawfully raise money for a super PAC with impunity. *See Chamber of Commerce of U.S. v. FEC*, 69 F.3d 600, 603 (D.C. Cir. 1995) (noting that, if the FEC declined to enforce certain rules affecting the plaintiff, "a political competitor could challenge the Commission's dismissal of its complaint"); *see also Shays v. FEC*, 414 F.3d 76, 87 (D.C. Cir. 2005) ("[W]hen regulations illegally structure a competitive environment—whether an agency proceeding, a market, or a reelection race—parties defending concrete interests (e.g., retention of elected office) in that environment suffer legal harm under Article III.").

15. Defendant FEC is an independent federal agency charged with the administration and civil enforcement of FECA. 52 U.S.C. § 30106(b).

## LEGAL BACKGROUND

### I. Limitations and Prohibitions on Political Solicitations

16. FECA provides that no "agent of a candidate or an individual holding Federal office, or . . . entity directly or indirectly established, financed, maintained or controlled by or acting on behalf of 1 or more candidates or individuals holding Federal office" may "solicit . . . [or] direct . . . funds in connection with an election for Federal office . . . unless the funds are subject to the limitations, prohibitions, and reporting requirements" of FECA. 52 U.S.C. § 30125(e)(1); *see also* 11 C.F.R. §§ 300.60, 300.61. These "limitations" and "prohibitions" of FECA include a $5,000 limit on contributions to multicandidate committees, 52 U.S.C. § 30116(a)(2), and a prohibition on corporate contributions, *id.* § 30118. The purpose of 52 U.S.C. § 30125 is to prohibit candidates from engaging in "winks, nods, and circumlocutions to channel money in favored directions." *Shays*, 414 F.3d at 106.

---

Jason Lemon, *Donald Trump Says '100 Percent' He's 'Thinking About Running' for President in 2024*, NEWSWEEK (Apr. 29, 2021), https://www.newsweek.com/donald-trump-says-100-percent-hes-thinking-about-running-president-2024-1587411.

17. FEC regulations provide that an "agent" of a candidate for purposes of FECA's solicitation prohibition is any entity that has "actual authority, express or implied" to "solicit, receive, direct, transfer, or spend funds in connection with any election" on behalf of the candidate. 11 C.F.R. § 300.2(b). This includes a candidate's campaign committee.

18. For purposes of the ban on soft money, FEC regulations define "to solicit" as:

> to ask, request, or recommend, explicitly or implicitly, that another person make a contribution . . . or otherwise provide anything of value. A solicitation is an oral or written communication that, construed as reasonably understood in the context in which it is made, contains a clear message asking, requesting, or recommending that another person make a contribution, donation, transfer of funds, or otherwise provide anything of value. A solicitation may be made directly or indirectly. The context includes the conduct of persons involved in the communication. A solicitation does not include mere statements of political support or mere guidance as to the applicability of a particular law or regulation.

*Id.* § 300.2(m).

19. For purposes of the ban on soft money, FEC regulations define "to direct" as "to guide, directly or indirectly, a person who has expressed an intent to make a contribution . . . or otherwise provide anything of value, by identifying a . . . political committee or organization, for the receipt of such funds, or things of value." *Id.* § 300.2(n).

20. The FEC has repeatedly emphasized that federal candidates and their agents may solicit or direct contributions to super PACs only if the solicitations comply with FECA's source prohibitions and contribution limits. *See, e.g.*, Advisory Op. 2011-12 (Majority PAC) at 1 (permitting federal candidates to appear at super PAC fundraisers "so long as they restrict any solicitation they make to funds subject to the limitations, prohibitions and reporting requirements of the Act"); Advisory Op. 2015-09 (Senate Majority PAC) at 7 (acknowledging that FECA prohibits agents acting on behalf of candidates from soliciting nonfederal contributions to super PACs). A candidate or their agent may comply with FECA's requirements by displaying "a clear

and conspicuous written notice . . . that the solicitation . . . does not seek funds in excess of" federal limits or from prohibited sources. 11 C.F.R. § 300.64(b)(2)(ii); *cf.* Participation by Federal Candidates and Officeholders at Non-Federal Fundraising Events, 75 Fed. Reg. 24375, 24380 (May 5, 2010) ("The Commission concludes that any solicitation that is not limited either by its express terms or otherwise (such as through a clear and conspicuous oral statement or written notice) risks being understood as soliciting donations in amounts and from sources prohibited under the Act . . . .").

## II.  FEC Enforcement Actions

21.  Any person may file a complaint with the FEC alleging a violation of FECA. 52 U.S.C. § 30109(a)(1). FEC regulations specify, in relevant part, that a complaint must identify the complainants and be sworn and signed, and that the allegations in a complaint "not based upon personal knowledge" should identify the source of the information that "gives rise to the complainant's belief in the truth of such." 11 C.F.R. § 111.4(b), (d).

22.  The Commission, after reviewing the complaint and any responses, then votes on whether there is "reason to believe" a violation has occurred, in which case it "shall" investigate. 52 U.S.C. § 30109(a)(2). FECA requires the FEC to find "reason to believe" by at least four affirmative votes of the six members of the Commission. *Id.*

23.  The Commission will find "reason to believe" where a complaint "credibly alleges" that a FECA violation "may have occurred." FEC, Statement of Policy Regarding Commission Action in Matters at the Initial Stage in the Enforcement Process, 72 Fed. Reg. 12545 (Mar. 16, 2007).

# FACTS

24. On May 5, 2019, the nonprofit organization Campaign Legal Center and *Axios* reported that an organization named the "Presidential Coalition" had been fundraising off of connections to President Trump while devoting only a trivial amount of its spending to the political causes it claimed to support. *See* Ex. 1 ¶ 2 (citing Maggie Christ & Brendan Fischer, *"Can I Count on You?" How the Presidential Coalition Has Capitalized on Its Leader's Ties to the President and Misled Donors*, CAMPAIGN LEGAL CTR. (May 5, 2019), https://campaignlegal.org/document/profiting-proximity-report-presidential-coalitions-misleading-fundraising-practices; Alayna Treene, Jonathan Swan, & Harry Stevens, *Scoop: Inside a Top Trump Adviser's Fundraising Mirage*, AXIOS (May 5, 2019), https://www.axios.com/david-bossie-fundraising-presidential-coalition-3bf22829-8a89-4a10-84b7-7310e02c2ef2.html). President Trump was reportedly "[f]urious" with the organization for its fundraising practices described in the reports. *Id.* (quoting Asawin Suebsaeng & Lachlan Markay, *Trump Furious with Ally David Bossie over His Reported Self-Dealing*, DAILY BEAST (May 7, 2019), https://www.thedailybeast.com/trump-furious-with-ally-david-bossie-over-his-reported-self-dealing).

25. On May 7, 2019, apparently in response to the Campaign Legal Center and *Axios* articles, the Trump Campaign issued a statement entitled, "Trump Campaign Statement on Dishonest Fundraising Groups." *See id.* at 3. In it, the campaign stated that there were only five entities "authorized" or "approved" by President Trump or the Republican National Committee: the Trump Campaign, the RNC, two joint fundraising committees (i.e., entities established under FEC rules to collect contributions for multiple recipients simultaneously), and America First Action—a super PAC. *Id.* The statement described America First Action as an "approved outside

non-campaign group . . . run by allies of the President" and called the super PAC "a trusted supporter of President Trump's policies and agendas." *Id.*

> **- MAY 7 2019 -**
>
> **Trump Campaign Statement on Dishonest Fundraising Groups**
>
> The following is a statement from the Donald J. Trump for President campaign:
>
> President Trump's campaign condemns any organization that deceptively uses the President's name, likeness, trademarks, or branding and confuses voters. There is no excuse for any group, including ones run by people who claim to be part of our 'coalition,' to suggest they directly support President Trump's re-election or any other candidates, when in fact their actions show they are interested in filling their own pockets with money from innocent Americans' paychecks, and sadly, retirements. We encourage the appropriate authorities to investigate all alleged scam groups for potential illegal activities.
>
> There are only four official fundraising organizations authorized by President Trump or the RNC: Donald J. Trump for President, the Republican National Committee, and two joint fundraising committees with the RNC, The Trump Make American Great Again Committee (TMAGAC) and Trump Victory. In addition, there is one approved outside non-campaign group, America First Action, which is run by allies of the President and is a trusted supporter of President Trump's policies and agendas.

## ADMINISTRATIVE PROCEEDINGS

**I.       Plaintiff's Administrative Complaint Against the Trump Campaign**

26.     On May 9, 2019, Plaintiff, together with Campaign Legal Center and Tiffany Muller, an individual, filed a complaint with the FEC alleging that the Trump Campaign violated 52 U.S.C. § 30125(e) and 11 C.F.R. § 300.61 by soliciting and directing contributions to America First Action without regard for FECA's contribution limits and source prohibitions. *See id.* ¶¶ 8-16. Plaintiff's administrative complaint noted that America First Action was registered with the FEC as a super PAC and received hundreds of contributions outside FECA's limits and prohibitions. *See* Ex. 1 ¶ 13 & nn.3-4.

27.     Plaintiff alleged that the Trump Campaign's May 7, 2019 statement constituted an impermissible solicitation under 11 C.F.R. § 300.2(m) because that statement, "'reasonably understood in the context in which it is made,' recommends that anyone who wishes to support President Trump's reelection should make contributions to the five named groups"—including America First Action. *Id.* ¶¶ 10-11 (citing *Shays*, 414 F.3d at 106; *see also* Factual & Legal Analysis at 4, MUR 6827 (Kent Roth for Congress) (Dec. 11, 2014), https://eqs.fec.gov/eqsdocsMUR/15044370033.pdf ("[T]he Commission has explicitly defined 'solicit' broadly to include both explicit and implicit suggestions that another person make a contribution.").

28.     Plaintiff further alleged that the Trump Campaign's May 7 statement impermissibly "direct[ed]" contributions, within the meaning of 11 C.F.R. § 300.2(n), to America First Action. *Id.* ¶ 12.

## II. The FEC's Office of General Counsel Recommends Finding Reason to Believe the Trump Campaign Violated FECA

29. Based on Plaintiff's administrative complaint, the Trump Campaign's written reply, and all other available evidence, the FEC's nonpartisan OGC recommended that the Commission find reason to believe the Trump Campaign violated 52 U.S.C. § 30125(e) and 11 C.F.R. § 300.61 "by soliciting soft money contributions" to America First Action. *See* General Counsel's Report at 23-29.[6]

30. Rejecting the Trump Campaign's argument that it "merely provid[ed] the identity of an appropriate recipient, without any attempt to motivate another person to contribute or donate funds," Resp. of Donald J. Trump for President, Inc., MUR 7609 (June 21, 2019), https://www.fec.gov/files/legal/murs/7609/7609_05.pdf, OGC concluded that the Trump Campaign's May 7, 2019 "statement as a whole contains a clear message recommending that the reader contribute to the authorized and approved *fundraising organizations* and not contribute to other groups." General Counsel's Report at 27 (emphasis in original). "Accordingly, this statement, as a reasonable person would understand it in its context, constitutes a recommendation to contribute to [America First] Action and thus is a solicitation." *Id.* at 27-28; *see also id.* at 28 ("Indeed, as the sole 'approved' [super PAC], the message conveys that [America First] Action is the only approved destination for unlimited individual and corporate contributions supporting Trump.").

31. As "[t]he Trump Committee's solicitation included no disclaimer or restriction of any kind limiting the solicitation to federal funds," *id.* at 29, OGC recommended that the FEC find

---

[6] OGC combined Plaintiff's administrative complaint with another, which is the subject of the remainder of the General Counsel's Report.

11

reason to believe that the campaign committee violated 52 U.S.C. § 30125(e) and 11 C.F.R. § 300.61.

### III. The Commissioners Dismiss the Complaint Without Explanation

32. On April 20, 2021, the FEC voted 3-2 (with one Commissioner not voting) on a motion to approve the recommendations of its General Counsel. *See* Certification, MUR 7609 (May 5, 2021), https://www.fec.gov/files/legal/murs/7609/7609_07.pdf. But because the votes of four Commissioners are necessary to find reason to believe the law has been violated, the motion failed. *See* 52 U.S.C. § 30109(a)(2). Two days later, the FEC "closed the file" on Plaintiff's administrative complaint, thereby dismissing it. *See* Certification, MUR 7609 (May 5, 2021), https://www.fec.gov/files/legal/murs/7609/7609_08.pdf.

33. By a letter dated May 12, 2021, the Commission notified Plaintiff that it had dismissed Plaintiff's administrative complaint and closed the file. Notification to End Citizens United at 1, MUR 7609 (May 12, 2021), https://www.fec.gov/files/legal/murs/7609/7609_10.pdf.

34. To date, the two Commissioners who voted to reject OGC's recommendations have not issued any explanation (a "Statement of Reasons," in FEC parlance) of their votes against finding reason to believe. One Commissioner who voted to approve the recommendations issued a Statement of Reasons noting that the Trump Campaign's reference to America First Action "as an 'approved' group in the context of fundraising is a clear message recommending that the reader contribute to the authorized and approved fundraising organizations and not contribute to other groups." Statement of Reasons of Commissioner Ellen L. Weintraub at 3, MURs 7340 and 7609 (June 11, 2021), https://www.fec.gov/files/legal/murs/7609/7609_12.pdf.

35. The Commission's failure to issue a Statement of Reasons to explain its dismissal of Plaintiff's administrative complaint, contrary to the recommendation of its General Counsel,

contravenes circuit authority requiring Commissioners who decline to proceed on a matter to provide an explanation for their vote. *See Common Cause v. FEC*, 842 F.2d 436, 449 (D.C. Cir. 1988); *Democratic Cong. Campaign Comm. v. FEC*, 831 F.2d 1131, 1133 (D.C. Cir. 1987).

## CAUSE OF ACTION

### *Dismissal Contrary to Law, 52 U.S.C. § 30109(a)(8)(A)*

36. Plaintiff repeats and realleges paragraphs 1-35.

37. Plaintiff's administrative complaint established reason to believe that Donald J. Trump for President, Inc. violated 52 U.S.C. § 30125(e) and 11 C.F.R. § 300.61 by soliciting and directing funds to America First Action without regard for FECA's source prohibitions and contribution limits.

38. The FEC's failure to find reason to believe that these violations occurred and its subsequent dismissal of Plaintiff's administrative complaint without explanation were arbitrary, capricious, and contrary to law. 52 U.S.C. § 30109(a)(8)(A); 5 U.S.C. § 706; *see also Orloski*, 795 F.2d at 161.

39. The Commission's failure to issue a Statement of Reasons or other explanation for its dismissal within 60 days is inherently contrary to law because it leaves Plaintiff, and the Court, not simply without a "reasoned basis" for the dismissal, *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983), but with no reason at all.

## REQUESTED RELIEF

WHEREFORE, Plaintiff requests that this Court:

(1) Declare that the FEC's dismissal of Plaintiff's administrative complaint was arbitrary, capricious, and contrary to law under 52 U.S.C. § 30109(a)(8)(A);

(2) Order the FEC to conform with this declaration within 30 days, pursuant to 52 U.S.C. § 30109(a)(8)(C);

(3) Award Plaintiff its costs and reasonable attorney's fees incurred in this action; and

(4) Grant such other relief as the Court may deem just and proper.

Dated: June 21, 2021                                  Respectfully submitted,

                                                      /s/ Adav Noti
                                                      Adav Noti (DC Bar No. 490714)
                                                      CAMPAIGN LEGAL CENTER ACTION
                                                      1101 14th Street NW, Ste. 400
                                                      Washington, DC 20005
                                                      (202) 736-2200
                                                      anoti@campaignlegal.org

                                                      *Counsel for Plaintiff End Citizens United PAC*